UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DONELL RAGLIN, ) | CASE NO. 4:11 CV2146 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ROBERT L. FARLEY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

*Pro se* petitioner Donell Raglin filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Robert L. Farley, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), and F.C.I. Elkton Unit Manager M. Burns. Petitioner, who was incarcerated at F.C.I. Elkton when he filed this Petition, asserts the Respondents are depriving him of his "Fourteenth Amendment Due Process Liberty Interest" under the Second Chance Act of 2008 ("the Act") by failing to provide more than six months placement in a Residential Re-entry Center (RRC) or home confinement. For the reasons discussed below, the Petition is dismissed as moot.

*Background*

On August 11, 2010, Warden Patricia R. Stansberry responded to Petitioner's request for placement in excess of six months at a RRC.[1] She advised him that his unit team would determine the appropriate length of his RRC placement after considering the five factors enumerated under 18 U.S.C. §3621(c), pursuant to the Act. The review, she added, would take place 17-19 months before his June 11, 2012 scheduled release date.

Petitioner was later transferred to F.C.I. Elkton, where he received a letter from Jeff Barga, Intake Coordinator at Alvis House Residential Community Program, dated June 15, 2011. Barga advised Petitioner he was accepted to Alvis' COPE Center treatment program in Dayton, Ohio. He explained that Petitioner should report to the Center on December 15, 2011.

On July 8, 2011, Petitioner submitted an Inmate Request to Staff Form to Warden Farley, as well as his unit team manager, requesting 12 months placement in a RRC or home confinement. Warden Farley replied on August 31, 2011, construing the request as one for reconsideration of the unit team's March 29, 2011 review which had recommended Petitioner's placement in a RRC for six months. The warden explained to Petitioner that the unit team considered the five factors outlined under the Act to determine the appropriate length of his RRC placement. Ultimately, the warden concurred with the unit team's determination. Petitioner's unit team manager also responded with the same conclusion. This prompted Petitioner to administratively challenge the term of his RRC placement. He filed this Petition on October 11, 2011, seeking reconsideration of Warden Farley's determination.

---

[1] Patricia Stansberry is Warden at the Federal Correctional Complex in Petersburg, Virginia.

-2-

*Discussion*

Before reaching the merits of a case, a federal court must ensure it has jurisdiction over the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431(2007). Without question, this Court had personal jurisdiction over Petitioner's custodian at the time he filed this Petition. *See Braden v. 30th Judicial Circuit Ct. of Ky.,* 410 U.S. 484, 494-95 (1973) (court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian). Although this was the proper venue for Petitioner to file his request for habeas relief, he has not established this Court's subject matter jurisdiction over the case. *See e.g. Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, (1999)(proper to resolve personal jurisdiction ... without having first determined subject matter jurisdiction).

To exercise its power under Article III of the Constitution, this Court must have a live case or controversy. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Therefore, when a case or issue has "lost its character as a present, live controversy" the court loses jurisdiction, rendering the matter moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because this Court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

The essence of any habeas corpus petition "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). On this basis, Petitioner's request for release to a RRC or home confinement was properly filed as a habeas petition. A review of the BOP's Inmate Locator Service, however, indicates he is no

-3-

longer incarcerated at F.C.I. Elkton.[2]  *See* http://www.bop.gov/iloc2/LocateInmate.jsp. Petitioner is currently housed at the Community Corrections Management (CCM) field office in Cincinnati, Ohio.[3]  As such, he is no longer suffering from the injury for which he sought this Court's relief.  The Supreme Court has consistently noted that, unless an injury is accompanied by "continuing, present adverse effects," it "does not in itself show a present case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)(quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)).

The Sixth Circuit has consistently ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot.  *See Demis v. Sniezak*, 558 F.3d 508, 513 (6th Cir. 2009); *see also Brock v. United States Department of Justice*, No. 07-5022, 2007 WL 4163854 (6th Cir. Nov. 21, 2007); *Marshek v. Eichenlaub*, 266 Fed.Appx. 392, 393 (6th Cir.2008) (per curiam) ("This appeal has clearly been rendered moot by Marshek's placement in a C.C.C. We must, and do, dismiss his appeal."). Inasmuch as federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue," *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir.2001), the Court lacks subject matter jurisdiction.

*Conclusion*

---

[2] A court may take judicial notice of information on the Inmate Locator Service. *Harvey v. Eichenlaub*, No. 06-CV-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007).

[3] RRCs and CCMs are two words that may be used interchangeably to define the same animal-"residence in a community treatment center, halfway house, restitution center, mental health facility, alcohol or drug rehabilitation center, or other community correctional facility (including residential re-entry centers); and participation in gainful employment, employment search efforts, community service, vocational training, treatment, educational programs, or similar facility-approved programs during non-residential hours." 28 C.F.R. § 570.20(a).

Based on the foregoing, the Petition is dismissed as moot. The Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 1/12/12